UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DISHEEN MICHAEL ST. JUNIORS            CIVIL ACTION

VERSUS            NUMBER: 15-0350

MICHAEL D. BURGESS, ET AL.            SECTION: "I"(5)

## ORDER AND REASONS

This 42 U.S.C. §1983 civil-rights action was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Disheen Michael St. Juniors, against Defendants, Deputies Michael D. Burgess and R. Thibodeaux, Sergeant J. Heck, Lieutenants S. Carter and F. Ingle and Major E. Olsen, all of the Jefferson Parish Sheriff's Department.  (Rec. doc. 1, pp. 1, 4).  Plaintiff, an inmate of the Jefferson Parish Correctional Center ("JPCC") at the time that suit was filed, complained of the alleged use of excessive force against him during the course of his arrest and upon his subsequent processing into JPCC, for which he was purportedly denied requested and needed medical care.  (Rec. doc. 1).  Plaintiff was granted leave to initiate this matter IFP on February 6, 2015.  (Rec. doc. 3).

After issue was joined and Plaintiff had responded to the Court's Briefing Order, a preliminary conference was scheduled for the purpose of determining whether all parties to this proceeding were willing to consent to proceed to trial before a Magistrate Judge under 28 U.S.C. §636(c).  (Rec. docs. 11, 15, 16).  That conference was initially convened on September 14, 2015 and all parties expressed their willingness to so consent.  (Rec. doc. 17). After the consent form memorializing the parties' election was circulated, executed by the parties, and approved by the District Judge, the preliminary conference was reconvened on

November 24, 2015, at which time a status/pre-trial conference of June 9, 2016 and a trial date of June 20, 2016 were scheduled. (Rec. docs. 19, 21).

Consistent with the terms of the order allowing Plaintiff to proceed IFP in this matter, by correspondence dated January 7, 2016, JPCC personnel advised the Court that Plaintiff had been transferred to the Richland Correctional Center ("RCC") in Rayville, Louisiana, on December 11, 2015. (Rec. doc. 22). Thereafter, no further action took place in this case until June 8, 2016 when the Defendants moved, on an expedited basis, for a continuance of the trial date as their attorneys, both of whom are members of the Louisiana Legislature, were to be involved in a Special Session that was called by the Governor to begin on June 6, 2016 through June 23, 2016. (Rec. docs. 24, 25). On June 25, 2016, the Court granted Defendants' request for a continuance with the intention of promptly rescheduling further proceedings in this matter. (Rec. doc. 26). A copy of the Court's order of June 10, 2016 was mailed to Plaintiff at RCC but was subsequently returned as undeliverable on July 6, 2016 as he is apparently no longer housed at that facility. (Rec. doc. 27). It has now been over 35 days since that piece of mail was returned to the Court as undeliverable and no address correction has been made by Plaintiff.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of a[]… pro se litigant to notify the court of a current … postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of

their current mailing addresses and relieves court personnel of that burden.  *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. March 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007).  The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Perkins v. King*, 759 F.2d 19 (5th Cir. 1985)(table).[1/]  Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order.  *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

     As noted above, Plaintiff has failed to keep the Court apprised of a current mailing address as is required by Local Rule 11.1.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 6).  Indeed, were it not for the notification provided by JPCC officials on January 7, 2016, the Court would not even have known that Plaintiff had been transferred from that facility to RCC on December 11, 2015.  Although Plaintiff may have no control over his transfer from one jail facility to another or his release from incarceration, the Local

---

[1/] While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and *pro se* plaintiffs are still conducted primarily by mail.

Rules and the case law cited above put the obligation squarely upon him to notify the Court of any change in his mailing address. Plaintiff's failure to do so evidences a disregard for the Court's directives. Finally, as a result of Plaintiff's action and through no fault of their own, the Defendants haven unfairly been case into what is effectively "litigation limbo" while they wait for Plaintiff to possibly surface and to continue on with the prosecution of this lawsuit. As Plaintiff is proceeding *pro se* in this matter, these failures are attributable to him alone. Accordingly, Plaintiff's suit is dismissed for failure to prosecute pursuant to Local Rule 41.3.1 and Rule 41(b), Federal Rules of Civil Procedure. Judgment will be entered accordingly.

New Orleans, Louisiana, this 16th day of August, 2016.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE